**SANDERS ROBERTS LLP**
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@sandersroberts.com
BRIAN H. CHUN (SBN 215417)
Email: bchun@sandersroberts.com
555 12th Street, Suite 1250
Oakland, CA 94607
Telephone: (415) 357-4600
Facsimile:  (415) 357-4605

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA BARAJAS,<br><br>                    Plaintiff,<br><br>        v.<br><br>HOME DEPOT U.S.A., INC. and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br><br><br>Complaint Filed:   February 3, 2026<br>Trial Date:          TBD |

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Defendant"), hereby removes to this Court the state court action described below.

1. On February 3, 2026, an action was commenced in the Superior Court of the State of California, in and for the County of Sutter, entitled, *Gloria Barajas v. Home Depot U.S.A., Inc.*, *et al.*, Case No. CVCS26-0000270 (the "Action"). (A true and correct copy of the Complaint is attached hereto as **Exhibit A**.)

2. Defendant was served with a copy of the Summons and Complaint on February 5, 2026. (A true and correct copy of the Summons is attached hereto as **Exhibit B**.)

3. On March 9, 2026, Defendant filed an Answer to the Complaint. (A true and correct copy of the Answer is attached hereto as **Exhibit C**.)

4. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs

5. Plaintiff Gloria Barajas ("Barajas") was at the time of the filing of the Action, and still is, a citizen of the state of California.

6. Defendant Home Depot U.S.A., Inc., a corporation, was at the time of the filing of this action, and still is, a citizen of a different state from Plaintiff having been incorporated under the laws of the State of Delaware and having its principal place of business in the State of Georgia. (Declaration of Tara Martin ("Martin Decl."), ¶ 3.)

7. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy is determined based on Plaintiff's allegations in the Complaint, which the Court must assume to be true. (*See Korn v. Polo Ralph Lauren Corp.* (E.D. Cal. 2008) 536 F.Supp.2d 1199, 1205.) Plaintiff seeks damages in excess of $75,000.00, the jurisdictional requirement of this Court, in that Plaintiff seeks recovery for compensatory damages, special damages, punitive damages and attorney's fees. (*See Fritsch v. Swift Transp. Co. of Ariz., LLC* (9th Cir. 2018) 899 F.3d 785, 795 (holding that current and future attorney's fees should be included in amount in

- 2 -

Case No.:

controversy calculation); *Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action.").)

      a.      At the time Plaintiff's employment with Defendant Home Depot U.S.A., Inc. was terminated on August 17, 2025, Plaintiff was working approximately 40 hours per week and earning $21.50 per hour, which equates to a weekly compensation amount of $860.00. (Martin Decl., ¶ 4.)  Plaintiff's lost wages for the 29.1 weeks that have passed since the termination of Plaintiff's employment is approximately $25,026.  Assuming trial commences approximately one year from today's date, Plaintiff's lost wages will total $69,746.

      b.      While it is difficult to estimate emotional distress damages at the outset of a case, it is reasonable, and in fact conservative, to estimate that Plaintiff could very well be seeking the equivalent of one-year's salary in emotional distress.  (*Richmond v. Allstate Ins. Co.* (S.D. Cal. 1995) 897 F.Supp. 447, 450 (taking note that emotional distress damages are "potentially substantial" although plaintiff's pleadings were vague).)  Assuming, conservatively, that Plaintiff's claim for emotional distress damages amounts to only one year of salary, that claim may be valued at $44,720.

      c.      Plaintiff also seeks recovery of attorney's fees.  For purposes of calculating the amount in controversy, the court should consider both Plaintiff's current and future attorney's fees.  (*Fritsch*, 899 F.3d at 795.)  Here, Plaintiff's current and future attorney's fees will easily exceed $75,000 by itself.

      d.      Plaintiff also seeks punitive damages.  Like compensatory damages, punitive damages are included in the amount in controversy to determine diversity jurisdiction. (*Gibson*, 261 F.3d at 945.)  Although Defendant denies that Plaintiff should receive any punitive damages in this case, the amount in controversy for removal purposes includes the possibility of a jury awarding Plaintiff the sizable punitive damages that other juries have awarded in other employment discrimination cases.  (*See Steffens v. Regus Grp., PLC* (S.D. Cal. Aug. 19, 2013) 2013 WL 4499112.)

      e.      Therefore, the amount in controversy in this matter clearly exceeds the

/ / /

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

statutory minimum of $75,000.00.

Dated:  March 9, 2026                          **SANDERS ROBERTS LLP**


By: *s/Brian H. Chun*
BRIAN H. CHUN
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

# EXHIBIT A

This electronic document is the official court record (GC68150)

Electronically Filed
2/3/2026 4:18 PM
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SUTTER
CLERK OF THE COURT
By: Julie Ollar, Deputy

Daniel A. Reisman (SBN 250819)
Erin Reisman    (SBN 248426)
**REISMAN & REISMAN**
8200 Wilshire Boulevard #302
Beverly Hills, CA 90211
T:323.330.0580/F:323.389.0694
*dreisman@reismanlawoffices.com*
*ereisman@reismanlawoffices.com*

Attorneys for Plaintiff,
GLORIA BARAJAS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SUTTER

| | |
|---|---|
| GLORIA BARAJAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT USA INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CVCS26-0000270<br><br>**COMPLAINT FOR:**<br><br>(1) DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FEHA;<br><br>(2) FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA;<br><br>(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;<br><br>(4) RETALIATION IN VIOLATION OF THE FEHA;<br><br>(5) FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FEHA;<br><br>(6) VIOLATION OF CFRA RIGHTS;<br><br>(7) CFRA RIGHTS RETALIATION;<br><br>(8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff Gloria Barajas alleges causes of action against Defendants Home Depot USA Inc. and Does 1 through 50, inclusive, as follows:

1
Complaint

This electronic document is the official court record (GC68150)

## PARTIES

1.  Defendant Home Depot USA Inc. is a corporation doing business in Sutter County, California. Defendant is an entity subject to suit under the Fair Employment and Housing Act, Government Code section 12940, et seq. (the "FEHA").

2.  Plaintiff Gloria Barajas is an individual, and at all times relevant to the allegations in this complaint, was a resident of California.

3.  Plaintiff is ignorant of the true names and capacities of the defendants sued as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. On information and belief, each of these fictitiously named defendants is responsible in some manner for the occurrences alleged in the complaint, and said defendants proximately caused Plaintiff's injuries.

## FACTUAL ALLEGATIONS

4.  Defendant Home Depot USA Inc. ("Home Depot") employed Plaintiff from in or about April 2022, through on or about August 14, 2025. At all times relevant, Plaintiff performed her job in a satisfactory manner.

5.  During her employment, Plaintiff suffered from one or more disabilities as defined under the FEHA. More specifically, Plaintiff required gallbladder surgery and had a cyst in her knee that limited her ability to work, a major life activity. Home Depot was aware of Plaintiff's disabilities.

6.  Plaintiff required and requested accommodations, including but not limited to, temporary leave.

7.  Instead of accommodating her, Home Depot terminated Plaintiff's employment on or about August 14, 2025.

8.  Plaintiff had unused vacation hours at the time of her termination.

9.  Plaintiff was entitled to up to twelve workweeks of leave for her own medical condition under CFRA. Home Depot did not grant Plaintiff twelve weeks of leave. Plaintiff's twelve weeks of job-protected leave were not exhausted at the time her termination

## EXHAUSTION OF ADMINISTRATIVE

10. Plaintiff has exhausted her administrative remedies. On February 2, 2026, Plaintiff filed a charge with the California Civil Rights Department (the "CRD"). The CRD immediately issued to Plaintiff a right

2

Complaint

This electronic document is the official court record (GC68150)

to sue letter. The charge and the right to sue letter are attached as Exhibit A to this complaint.

## FIRST CAUSE OF ACTION
### Discrimination Based on Disability in Violation of the FEHA
### (Against All Defendants)

11. Paragraphs 1 through 10 are incorporated by this reference.

12. As detailed in the allegations above, during Plaintiff's employment, Defendants, and each of them, engaged in conduct that resulted in Plaintiff being treated less favorably because of her disability or disabilities. Additionally, Plaintiff has been subject adverse employment actions, including but not limited to, termination, being denied the opportunity for promotion or advancement, being denied equal opportunities and privileges of employment, being denied reasonable accommodation, being discharged, and being denied reinstatement.

13. As a direct and proximate result, Plaintiff has suffered both economic and noneconomic loss. Plaintiff has suffered such damages in an amount or amounts according to proof.

14. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights under FEHA. Additionally, on information and belief, an officer, director, and/or managing agent engaged in, authorized, or ratified the conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### Failure to Accommodate a Disability in Violation of the FEHA
### (Against All Defendants)

15. Paragraphs 1 through 14 are incorporated by this reference.

16. Government Code section 12940 required Defendants, and each of them, to make reasonable accommodations for Plaintiff's disability or disabilities.

17. On information and belief, rather than accommodate Plaintiff's disability, Defendants, and each of them, terminated Plaintiff's employment and/or subjected Plaintiff to other adverse employment actions.

18. As a direct and proximate result Plaintiff has suffered general and special damages in amounts according to proof.

19. The above- recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights under FEHA. Additionally, on information and belief, an officer, director, and/or managing agent engaged in, authorized, or ratified the conduct.

This electronic document is the official court record (GC68150)

Accordingly, Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
**Failure to Engage in a Timely Good Faith Interactive Process in Violation of the FEHA**
**(Against All Defendants)**

20. Paragraphs 1 through 19 are incorporated by this reference.

21. Government Code section 12940 makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

22. Government Code section 12926. sates "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

23. As set forth in the allegations above, Defendants, and each of them, were aware of Plaintiff's disability or disabilities, as she had informed them and/or had taken leave and requested accommodations pursuant to her doctor's instructions.

24. Further, Defendants, and each of them, refused to engage in a timely good faith process with Plaintiff to determine effective reasonable accommodations.

25. Had Defendants, and each of them, engaged in a timely good faith interactive process, there were reasonable accommodations that would have accommodated Plaintiff's disability or disabilities.

26. As a direct and proximate result, Plaintiff has suffered general and special damages according to proof.

27. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Additionally, and on information and belief, a director, officer, or managing agent engaged in, authorized, or ratified the conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

4
Complaint

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of the FEHA
### (Against All Defendants)

28. Paragraphs 1 through 27 are incorporated by this reference.

29. As alleged above, Plaintiff requested an accommodation for a temporary disability or disabilities, which is protected activity under the FEHA. Defendants, and each of them, then retaliated against Plaintiff by subjecting her to one or more adverse employment actions, including but not limited to termination and refusal to reinstate.

30. As a direct and proximate result, Plaintiff has suffered general and special damages according to proof.

31. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Additionally, and on information and belief, a director, officer, or managing agent engaged in, authorized, or ratified the conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### Failure to Prevent Discrimination and Retaliation in Violation of the FEHA
### (Against All Defendants)

32. Paragraphs 1 through 31 are incorporated by this reference.

33. Under the FEHA, Defendants, and each of them, are required to take all reasonable steps to prevent discrimination and retaliation from occurring. Defendants, and each of them, failed to do so.

34. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages in amounts according to proof.

35. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Additionally, and on information and belief, a director, officer, or managing agent engaged in, authorized, or ratified the conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### Violation of CFRA Rights
### (Against All Defendants)

36. Paragraphs 1 through 35 are incorporated by this reference.

37. Plaintiff was entitled to CFRA leave due to her serious health condition. Plaintiff timely gave

This electronic document is the official court record (GC68150)

Defendants, and each of them, all of the necessary notice under the law of her need to take such leave.

38. Defendant filed Plaintiff before she exhausted her CFRA leave.

39. Such conduct violates Gov't Code § 12945.2, which requires an employer to grant leave to an employee with a serious health condition.

40. Such conduct also constitutes interference with Plaintiff's exercise of her rights under CFRA, which further violates Gov't Code § 12945.2.

41. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages in amounts according to proof.

42. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights under CFRA/FEHA. Accordingly, Plaintiff is entitled to an award of punitive damages.

### SEVENTH CAUSE OF ACTION
### CFRA Rights Retaliation
### (Against all Defendants)

43. Plaintiff incorporates paragraphs 1 through 42 by this reference.

44. As alleged above, Plaintiff requested leave and/or took leave for her own serious health condition. Defendants, and each of them, discriminated and/or retaliated against Plaintiff for doing so by subjecting her to one or more adverse employment actions, including but not limited to, terminating her employment.

45. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages in amounts according to proof.

46. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights under CFRA/FEHA. Accordingly, Plaintiff is entitled to an award of punitive damages.

### EIGHTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Against all Defendants)

47. Plaintiff incorporates paragraphs 1 through 46 by this reference.

48. Defendants, and each of them, terminated Plaintiff's employment in violation of important and

6

Complaint

This electronic document is the official court record (GC68150)

well-established public policies, which are set forth, for example, in the FEHA and CFRA.

49. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered special and general damages in amounts to be proven at trial.

50. The above-recited actions of Defendants, and each of them, were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF:

WHEREFORE Plaintiff prays for judgment against Defendants, and each of them, as follows:

(a) For back pay, front pay, and other monetary relief according to proof;

(b) For general and special damages according to proof;

(c) For appropriate injunctive and declaratory relief;

(d) For restitution;

(e) For reasonable attorneys' fees and costs, including expert fees, on applicable causes of action;

(f) For punitive damages in an amount appropriate to punish Defendants, and each of them, and deter others from engaging in similar misconduct;

(g) For liquidated damages as applicable;

(h) For pre- and post-judgment interest;

(i) For costs of suit incurred herein; and

(j) For any other and further relief as the Court deems just and proper.

Dated: February 2, 2026                            REISMAN & REISMAN

By: Erin Reisman
Attorneys for Plaintiff, GLORIA BARAJAS

This electronic document is the official court record (GC68150)

7
Complaint

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: February 2, 2026                          REISMAN & REISMAN

By: Erin Reisman
Attorneys for Plaintiff, GLORIA BARAJAS

8

Complaint

This electronic document is the official court record (GC68150)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 2, 2026

Gloria Barajas

,

RE:   **Notice to Complainant**
      CRD Matter Number: 202602-33391602
      Right to Sue: Barajas / Home Depot USA Inc.

Dear Gloria Barajas:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

This electronic document is the official court record (GC68150)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

February 2, 2026

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202602-33391602
       Right to Sue: Barajas / Home Depot USA Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

This electronic document is the official court record (GC68150)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                              KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 2, 2026

Gloria Barajas

,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202602-33391602
      Right to Sue: Barajas / Home Depot USA Inc.

Dear Gloria Barajas:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 2, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

This electronic document is the official court record (GC68150)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
Civil Rights Department
**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Gloria Barajas

CRD No. 202602-33391602

Complainant,

vs.

Home Depot USA Inc.

,

Respondents

_____

1. Respondent **Home Depot USA Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Gloria Barajas**, resides in the City of , State of .

3. Complainant alleges that on or about **August 14, 2025,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, association with a member of a protected class, criminal history, pregnancy, childbirth, breast feeding, and/or related medical conditions, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, sexual harassment.

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information

-1-
*Complaint – CRD No. 202602-33391602*

Date Filed: February 2, 2026

CRD-ENF 80 RS (Revised 2025/11)

This electronic document is the official court record (GC68150)

or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, pregnancy, childbirth, breast feeding, and/or related medical conditions, association with a member of a protected class, criminal history, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, driver's license (job advertisement or material improperly requires applicant to have a driver's license), leave to obtain victim of violence-related services, leave to serve on a jury or appear in court, status as a victim or family member of a victim of violence and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used a religious accommodation, participated as a witness in a discrimination or harassment complaint, requested or used bereavement leave, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, requested or used pregnancy disability leave (pdl), requested or used reproductive loss leave, requested or used leave to obtain victim of violence-related services, requested or used leave to serve on a jury or appear in court, requested or used safety-related accommodation for a victim of violence and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

-2-
*Complaint – CRD No. 202602-33391602*

Date Filed: February 2, 2026

CRD-ENF 80 RS (Revised 2025/11)

This electronic document is the official court record (GC68150)

This electronic document is the official court record (GC68150)

**Additional Complaint Details:**

-3-
*Complaint – CRD No. 202602-33391602*

Date Filed: February 2, 2026

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Erin Reisman**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On February 2, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-
*Complaint – CRD No. 202602-33391602*

Date Filed: February 2, 2026

CRD-ENF 80 RS (Revised 2025/11)

# EXHIBIT B

This electronic document is the official court record (GC68150)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT USA INC., a corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GLORIA BARAJAS, an individual,

Electronically Filed
2/3/2026 4:18 PM
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SUTTER
CLERK OF THE COURT
By: Julie Ollar, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sutter County<br><br>1175 Civic Center Blvd., Yuba City, CA 95993 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>CVCS26-0000270 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel A. Reisman, Erin Resman, REISMAN & REISMAN, 8200 Wilshire Blvd. #302, Beverly Hills, CA 90211; Tel: (323) 330-0580

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 02/03/2026 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HOME DEPOT USA INC., a corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

# EXHIBIT C

**SANDERS ROBERTS LLP**
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@sandersroberts.com
BRIAN H. CHUN (SBN 215417)
Email: bchun@sandersroberts.com
555 12th Street, Suite 1250
Oakland, CA 94607
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SUTTER

| | |
|---|---|
| GLORIA BARAJAS,<br><br>          Plaintiff,<br><br>   v.<br><br>HOME DEPOT U.S.A., INC. and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO.    CVCS26-0000270<br><br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Complaint Filed:    February 3, 2026<br>Trial Date:            TBD |

- 1 -                                            Case No.: CVCS26-0000270

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Home Depot U.S.A., Inc. ("Defendant") answers the Complaint ("Complaint") filed by Plaintiff Gloria Barajas ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every, all and singular, of the allegations in the Complaint, and generally denies Plaintiff has been injured in any of the sums mentioned in said Complaint, or any sum at all, as the result of any action, omission to act or delay in acting of this answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

1.    As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.    As a second, separate affirmative defense, Defendant asserts that Plaintiff failed to exhaust appropriate administrative remedies with the California Civil Rights Department and/or the Equal Employment Opportunity Commission.

## THIRD AFFIRMATIVE DEFENSE

3.    As a third, separate affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

4.    As a fourth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint is barred by statutes of limitation including, but not limited to, Cal. Civ. Proc. Code §§ 335.1 and Cal. Gov. Code §§ 12960(d) and 12965(b).

## FIFTH AFFIRMATIVE DEFENSE

5.    As a fifth, separate affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff was caused by persons, firms, corporations, entities or organizations other than Defendant and, by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

## SIXTH AFFIRMATIVE DEFENSE

6.    As a sixth, separate affirmative defense, Defendant asserts that it was unaware of the conduct of which Plaintiff complains and, had it been made aware of the conduct, it would

- 2 -                                          Case No.: CVCS26-0000270

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

have taken immediate corrective action to prevent said conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    As a seventh, separate affirmative defense, Defendant asserts that Plaintiff consented to and/or acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any relief as prayed for in Plaintiff's Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    As an eighth, separate affirmative defense, Defendant asserts that Plaintiff failed to mitigate Plaintiff's damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

**NINTH AFFIRMATIVE DEFENSE**

9.    As a ninth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10.   As a tenth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.   As an eleventh, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver, estoppel, and/or laches.

**TWELFTH AFFIRMATIVE DEFENSE**

12.   As a twelfth, separate affirmative defense, Defendant asserts that it would have acted in the manner complained of by Plaintiff regardless of Plaintiff's alleged disability and/or alleged protected acts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.   As a thirteenth, separate affirmative defense, Defendant asserts that it exercised reasonable care to prevent and promptly correct any discriminatory and/or retaliatory



Case No.: CVCS26-0000270

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a fourteenth, separate affirmative defense, Defendant asserts that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant and otherwise failed to avoid harm.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a fifteenth, separate affirmative defense, Defendant asserts that any violation of law by Defendant was the result of good faith conduct by Defendant for legitimate business purposes and Defendant had reasonable grounds for believing such conduct was not a violation of any statute, order, regulation, or policy.

### SIXTEENTH AFFIRMATIVE DEFENSE



16.    As a sixteenth, separate affirmative defense, Defendant asserts that Defendant's conduct alleged in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against Defendant on account of such conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a seventeenth, separate affirmative defense, Defendant asserts that any claims for emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by Labor Code § 3600 et seq. and cannot be compensated for in this present action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As an eighteenth, separate affirmative defense, Defendant asserts the imposition of punitive damages would violate Defendant's rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    As a nineteenth, separate affirmative defense, Defendant asserts that Plaintiff was not a qualified disabled individual as a matter of law.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    As a twentieth, separate affirmative defense, Defendant asserts that Plaintiff is

barred from recovery because Plaintiff's proposed accommodations would create an undue hardship to the operation of Defendant's business.

WHEREFORE, Defendant prays:

1.    The Plaintiff take nothing by the Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.    That the Court grant such other further relief as it may deem appropriate.

Dated:  March 9, 2026                         **SANDERS ROBERTS LLP**

By: _____
BRIAN H. CHUN
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Case No.: CVCS26-0000270

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 555 12th Street, Suite 1250, Oakland, California 94607.

On March 9, 2026, I served the document named below on the parties in this action as follows:

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| X | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. |
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY EMAIL):** I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Daniel A. Reisman, Esq.
Erin Reisman, Esq.
REISMAN & REISMAN
8200 Wilshire Boulevard #302
Beverly Hills, CA 90211
Email:  dreisman@reismanlawoffices.com
Email:  ereisman@reismanlawoffices.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 9, 2026, at Oakland, California.

_____
KIRSTEN MIKKELSEN

- 6 -

Case No.: CVCS26-0000270

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 555 12th Street, Suite 1250, Oakland, California 94607.

On March 9, 2026, I served the document named below on the parties in this action as follows:

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

| | |
|---|---|
| X | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. |
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY EMAIL):** I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Daniel A. Reisman, Esq.
Erin Reisman, Esq.
REISMAN & REISMAN
8200 Wilshire Boulevard #302
Beverly Hills, CA 90211
Email:  dreisman@reismanlawoffices.com
Email:  ereisman@reismanlawoffices.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 9, 2026, at Oakland, California.

_____
KIRSTEN MIKKELSEN

Case No.:

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)